# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| AARON DILLON | CIVIL ACTION NO. 06-1285 |
| VS. | SECTION P |
| ROBERT GUNTER, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on July 28, 2006, by *pro se* plaintiff Aaron Dillon. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he is presently incarcerated at the East Carroll Parish Detention Center (ECPDC), Lake Providence, Louisiana. Plaintiff complains that since he was committed to the custody of LDOC, he should be incarcerated in an LDOC facility. He prays for an order sending him to the LDOC's Hunt Correctional Center and to no other detention center. He names East Carroll Parish Sheriff Mark Shumate, and ECPDC Wardens Robert and John Gunter as his defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

Plaintiff was convicted of felony theft in the Nineteenth Judicial District Court (East

1

Baton Rouge Parish); on October 25, 2005, he was sentenced to serve ten years in the custody of the LDOC. On October 31, 2005, he was incarcerated at the Riverbend Detention Center where he remained until January 4, 2006, when he was transferred to the ECPDC. He claims that the "Director of Corrections" did not assign him to a detention center and that his confinement at ECPDC is illegal and it violates La. R.S.15:705 and R.S.15:824. As stated above, he prays only to be transferred to the LDOC's Hunt Corrections Center.

*Law and Analysis*

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obligated to dismiss the case at any time if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B). See 28 U.S.C.A. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of

2

a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff has clearly stated his claim for relief; further amendment of the complaint would serve no useful purpose. As is shown hereinafter, his claim is clearly frivolous and dismissal on that basis is therefore recommended.

Given a valid conviction, the government may confine a convict and subject him to the

rules of its corrections system so long as the conditions of confinement do not otherwise violate the constitution. See *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Federal courts do not sit to supervise the day-to-day administration of prisons. See *Meachum*, 427 U.S. at 224. Although states may create liberty interests which are protected by the Due Process Clause, these interests are limited to freedom from restraints which impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Prisoners have no constitutional right to incarceration in a specific prison within a state, and, in fact even have no right to imprisonment within a particular state. *Olim v. Wakinekona*, 461 U.S. 238, 245-46, 103 S.Ct. 1741, 1745-46, 75 L.Ed.2d 813 (1983); see *Meachum*, 427 U.S. at 224-5; see also *Montayne v. Haynes*, 427 U.S. 236, 96 S.Ct. 2543 (1976); *Maddox v. Thomas*, 671 F.2d 949 (5th Cir.1982). Prison officials may move prisoners to other institutions or even institutions in other states because of overcrowding or for other reasons. *Olim*, 461 U.S. at 246.

"[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege <u>the violation of a right secured by the Constitution and laws of the United States</u>, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)(emphasis supplied). The jurisprudence cited above clearly establishes that plaintiff has no due process liberty interest in the place of his confinement; therefore, plaintiff is unable to demonstrate that his incarceration at ECPDC is in violation of rights secured by the Constitution or laws of the United States. To the

4

extent that he maintains that his incarceration at ECPDC violates Louisiana law, such a claim is simply not cognizable under §1983. In short, plaintiff's claim is frivolous.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted, pursuant to the provisions of 28 U.S.C.1915(e)(2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 14th day of September, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE